The case for argument this morning is United States v. Bull. Mr. Latham. Good morning. May it please the court, Elliot Latham on behalf of Randy Bull. Federal Rule of Criminal Procedure 32 imposes a framework for resolving sentencing disputes with reliable evidence. This framework ensures that the record is developed in anticipation of sentencing, that the district court can rely on that evidence in ruling on those sentencing disputes, and down the road that the Court of Appeals can double check that work and rely on the record to ensure that the right determination was made. In the proceedings below, Mr. Bull's offense conduct consisted of two controlled sales totaling two and a half ounces of meth. Yet at sentencing, the government attempted to hold him accountable for over 400 ounces of meth, 150 times the amount of drugs that he was charged with. He below objected and cited Gibbs and held the government to its burden of proof, and yet the government stood pat, did not respond with any evidence, and in effect ignored the court. The problem is that the evidence was the words of your own client. It seems very strange for somebody to say, I'm too much of a liar for any judge to believe me. Right? Is that an argument that an appellate court should be prepared to accept? Well, Judge Easterbrook, if I'm understanding your question correctly, it's a question of whether he put the government and triggered the government's obligation under Rule 32 to supplement the record with evidence. The evidence was his own statements. The evidence of his own statements, but he also flagged more than just that. There was COVID and the scarcity of meth, which was reflected by the controlled sale of rock salt. There was his personal usage and that he was using meth on a daily basis. But even at a more fundamental level, given that our position is that his denial was supportive. What do we do with the holding in contrast that once the prosecution presents sufficiently reliable evidence, such as a defendant's own statement, we're done as far as relevant conduct? And so that's where Judge Easterbrook is going with his question is, what put this district judge on notice that the government needed to do more? So I think that's respectfully putting the cart before the horse, because if I'm understanding your question correctly, Judge Pryor, you're saying that the government had evidence in the record, but there is no evidence in this record. This is just a Miranda statement. It's not in the record. It's included in the PSR. This is just like Gibbs where you allow me to finish so I can direct you where I need you to go. I apologize. It's fine. The pre-sentence report provides the Miranda statement of the defendant. And that pre-sentence report was adopted by the district court. And so is it your contention that that is not in the record? It is my contention that the PSR in and of itself is not evidence, and that it's just like Gibbs where the PSR also recounted purported statements of the defendant. And the question there was what evidence is in the record beyond the PSR? In many other PSRs, you'll find- And so is there anything at the sentencing hearing that defense counsel suggested that the Miranda statements summarized in the pre-sentence report could not be considered as the statements of his client? There was no dispute below that statements were made, and statements were made under Miranda. But the question was the objection was as to the reliability of those statements. And so then we do have the defendant's statements in the record that he made those statements, and so now we're getting to whether or not those statements could be deemed reliable. Correct, and what the content of those statements are, because then we also get into the nuance of did he admit to distributing what he had purchased or had he only purchased, and that matters for relevant conduct. And so all of that needed to be fleshed out with further evidence in the record. The government didn't necessarily carry a heavy burden there. They could have introduced the interviewing agent and brought in an affidavit, put the officer on the stand. I mean that's exactly what this court held in Gibbs and said the government needed to do a little bit more because the probation officers- I think what we were missing as far as the wiggle and the joints, and this is where I'm really needing you to drill down on is we've already held in Contreras that a drug dealer's self-incriminating statements is enough. And so unless there's a reason to doubt, and that's where Gibbs comes in, is there a reason to doubt those statements? And that's where Judge Easterbrook was asking. I would need to review Contreras specifically, but I think one distinguishing factor when I think about or look to Burnett, Vaughn, Stevenson, Rollerson, those are cases where there is additional evidence in the record. For example, someone testifies at the sentencing hearing, or critically, there's a trial. All of that trial evidence is in the record, and the sentencing judge can rely on that. And that's a distinguishing factor that we don't have here. In Rollerson, for example, the court says this is a close call, but what's key here is that there's an affidavit, and that's evidence beyond just the PSR. And because the defendant, to Judge Easterbrook's point, didn't do anything more, if that's what happened below, there was at least that affidavit to turn to. But here we don't have that. The government didn't admit anything else, and that's what's problematic here. Fundamentally, the question for the government is what evidence was in the record to ensure that the statements that he made during this interview were reliable and actually support, by a preponderance of the evidence, that 400 ounces of meth were purchased and then distributed. And we don't have that here. If there are no further questions, I'll reserve the remainder of my time. Certainly, counsel.  Ms. Boyle. Good morning, Your Honors. May it please the court, counsel, my name is Catherine Boyle on behalf of the United States. Your Honors, I think you've hit on one of the primary issues in this appeal when you've said the evidence was his own statements. Something that seems to be glossed over at argument and in the defendant's brief is the issue that the statements of the defendant are uncontested in this case. So because defense counsel did not object, and even on appeal, the defense is not saying that these interview statements never occurred, those are the evidence in the record on which the court can rely. The defendant's argument is centered on two related points. First, he argues the court clearly erred in holding him responsible for more than 11 kilograms of mixture substance containing methamphetamine under Section 1B1.3, and then he claims that the court didn't sufficiently explain the decision. The defendant's overcomplicating the first issue, though, partly in an attempt to bolster the argument on the second issue. It's readily apparent from the record here that the court did not clearly err in its relevant conduct determination. But what I'm hearing, I know you still don't have 10 minutes, the clock isn't moving, but... I'm sorry, Your Honor. No, it's fine. The question I have, though, is the one that's being raised by defense, is that looking at what was presented at the sentencing hearing, in addition to the statements that he made, defense put on evidence or argument, let's use argument, why the district judge should not rely on what I said. And so was there a duty for, I'm going to that procedural error, was there a duty for the district judge to do more than that one sentence, I find your statements reliable? Your Honor, I don't believe there was. If we look at what the defense was arguing at the sentencing hearing, first of all, he was arguing, believe everything I said except the drug quantities, believe everything I said about the Roxell, believe everything I said about COVID, believe everything else during my interview except this one piece that is going to enhance my sentencing range. And that's something the court was entitled to take into account. Here the court was really making a very simple decision. The court was looking at was the defendant lying at the time he interviewed with law enforcement or is the defendant lying now during his sentencing. That falls under the clear error standard, and the court was perfectly entitled to look at that, make the factual call, and based on the evidence in the record, in the PSR, and based on the defendant's conduct, decide that it was more likely than not that the defendant told the truth at the time of his interview with law enforcement. There were a number of reasons the court would have come to that conclusion, and the court adopted the government's reasons, and its statement that the defendant's statements were sufficiently reliable is well supported in the record. The court relied on the defendant's detailed description of various transactions the defendant noted to the court. I looked in the sentencing transcript to follow the government's argument that the district judge accepted the government's argument. Can you direct me in the sentencing transcript where that is? Well, in the sentencing transcript, the court said that it considered the government's arguments, but the salient portion of it. So I want to just make sure that we're not glossing over that. Was there an adoption by the district judge of the government's argument? Because I didn't see that. There was, Your Honor. It's in the statement of reasons. It's in the statement of reasons that discusses the objections by the parties to the pre-sentence report, and the court noted that it adopted. And I do have the statements of reasons pulled up. Can you direct me where you want me to look? Yes, Your Honor. It is on page 33, but it looks like it's page 9 of 12 for the statement of reasons. Would you please step back to the microphone? It's very important to get your argument recorded. Thank you, Your Honor. Yes, it's on page 9 of 12 of the statement of reasons. Can you read it back to me there where it says we're adopting the position of the government, just so I have it here? Yes, Your Honor. So on that page, there is a copy of the government's objections as listed in the pre-sentence report, and it says court's findings. The court has checked box B, which says court adopts government's position. And so there was nothing explicit, because I saw that box checked, but there is, because we're a court of review, there is nothing that you're directing me to that shows what of the government's argument that the district judge accepted. What am I reviewing other than the checked box? Because I just wanted to make sure. The checked box, and I believe at sentencing when the court discusses the fact that although the defendant wasn't a kingpin, he was clearly dealing in large quantities, that's reflective of the government's argument as well, although it is not a specific statement that the court was adopting. And so when we're looking at whether or not there was a procedural error, the standard that we have to employ is whether or not there's enough on the record to allow us to be able to ensure that there was not a procedural error. And so that checked box, if we find that that's not enough, is there anywhere else that we could go to glean the judge's reason for finding the statement reliable? Well, the court also adopted the findings of the PSR as revised at the sentencing hearing, and when you look at everything in the PSR, we have the defendant's detailed descriptions of the drug transactions, which included names, times, amounts, number of purchases, and sometimes additional purchase details. The defendant also proved himself to be fluent in discussing drug territories in Alton, Illinois. We can tell from the offense conduct. We have a situation here where the defendant met with the confidential source and apparently had multiple options for his sales. He was selling in ounce quantities, and he says, look, if you won't pay what I need you to pay, I'll go back to Alton, I'll sell it in smaller quantities to a number of other individuals. This is a minor point, but I did want to address the point the defendant made as well, saying, look, you know, the government's pointing to ounce quantities, so how can we say that he was purchasing in pounds? Well, that's quite logical. If you're selling in amounts of three ounces, you'd need to purchase in pounds if you had multiple purchasers of your product. So the court was entitled to accept the fact of the defendant's admissions, which he does not contest as true and then decide what to make of them. The court made a purely factual call here as to whether the defendant was lying, which would fall under the clear error standard, and this court may look at the whole record in that instance. And I would note also that the presentence report even had specific details of certain transactions. You know, he gave Gee a four-wheeler and a generator to pay for methamphetamine. This is very specific information. I did want to address another point in the reply brief. The defendant is trying to say that it's incredible that the defendant could have sold this much methamphetamine. He estimates that the defendant could have sold $400,000 in meth and says that's impossible, given that this is a person who's financially struggling. But if you look at the numbers in the presentence report, we see that the defendant says he purchases meth for $975, and he wants to sell it for about $1,100. So you can see that he's taking very little of this money that is potentially flowing through from his supplier, and that tracks as well with the fact that the defendant says to the source, I need to make sure you have the money because I'm getting this from my supplier now, which shows that the cash flow might be very dependent, transaction to transaction, even when it is larger amounts. And given the circumstances here, the defendant's suggestion that the government needed to provide agent testimony or interview notes really doesn't make any sense. The defendant doesn't contest what was said at the interview, and presumably in Gibbs, the reason you wanted to call an interviewing agent is because the defendant said, I never said that at the proffer. Here the defendant says, I said that. You just shouldn't believe me. Or actually, you should only believe part of what I said. You should believe the part that benefits me now that we're at sentencing. Your Honor, for the reasons we've described in our brief, we believe this case is similar to United States v. Vaughn and United States v. Stevenson. And we believe the defendant's argument that the government failed to carry its burden fails for the same reasons the court didn't clearly err here. We agree the government bears the initial burden, but there was evidence in this record of the defendant's statements which was undisputed, and that shows that the government had met that initial burden. We think we come into the territory here where it's just a clear error call by the court as to which statements the defendants should believe, and the court made the correct call in believing the defendants of the statement at the time of his Mirandized law enforcement issue. And in light of that, in light of everything in the record, the fact that this was a simple call, lying then or lying now, we believe the court sufficiently explained this decision, including its adoption of the government's reasons and its adoption of the PSR as revised at the sentencing. If Your Honors have no further questions, we'll rest on the arguments in our brief and request that the court affirm. Thank you, counsel. Thank you, Your Honors. Anything further? Picking up on your questioning, Judge Pryor, about potential procedural error, I think what's fundamentally problematic here is we don't know what the district court thought of all of the arguments that were made below. And part of the reason why we don't know, and to the district court's credit, why there was very little to potentially rule on is that there was no evidence for the district court judge to actually review. There was no way for the district court judge to confirm or reject whether he was high during the interview and how that might bear on the reliability of his statements. There was no way for the district court to review whether he had said, yes, I purchased and then was dealing. Is there any medical evidence to the effect that your client was high? Medical evidence? Yes. No, Judge Eastbrook. Is there any medical evidence about the effect of being high on meth? That is, does that induce people to accuse themselves wrongly? I'm not a medical expert. I believe when— I didn't ask if you were a medical expert. I asked if there were any evidence about that question. I would think that someone's state of mind, while inebriated, would be subject to judicial notice, but no evidence to that point was put into the record. Any evidence not in the record? That is, is this— There are lots of articles in the medical literature about the effects of drugs. I notice you don't cite any in your brief. Have you found any? I did not pull that, Judge Eastbrook. Okay. Thank you. That said, an omission, a PSR's omission of a critical fact, is another reason that the government should be on notice that more needs to be put into the record. And so, the government— A final point about the standard review, which I think matters here and crystallizes the key issue. The government contends that clear air review applies. But stepping back, we understand that clear air review is a deferential standard because it credits the fact finder and the fact finder's interpretation and understanding of evidence. And the Court of Appeals sitting a review doesn't second-guess that. Here, the district court judge sitting as the fact finder did not review any evidence firsthand. There's the probation's account of what the interview contained, but the district court never actually saw the interview itself, read the transcript, heard from a law enforcement agent. Maybe there had been a complaint about corroborating some of the other purchasers and leads, right? For example, in Gibbs, the government flagged there was a co-defendant and that evidence was relevant. And so, all that's to say the fact that there's nothing to review here is why clear air review is inapt and why the government ultimately failed to carry its burden. If there are no further questions—  Thank you. The case was taken under advisement. You're our guest.